IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARLON TERRYONNA SMITH                                                                    PLAINTIFF
ADC #139399

v.                                              4:24CV00452-LPR-JTK

JASMINE JACKSON, et al.                                                                  DEFENDANTS

**ORDER**

  Having reviewed Marlon Terryonna Smith's ("Plaintiff") Amended Complaint (Doc. No. 6) for screening purposes,[1] the Court directed service of Plaintiff's failure to protect claims against Defendant Jasmine Jackson, among others. (Doc. No. 10). After Summons on Defendant Jackson sent to the Arkansas Division of Compliance Office was returned unexecuted, the Court directed service on Defendant Jackson at a last known address that is maintained under seal. (Doc. Nos. 12, 13). Summons was again retuned unexecuted with the notation "return to sender." (Doc. No. 16).

  The Court then directed the United States Marshals Service to personally serve Defendant Jackson at the address maintained under seal. (Doc. No. 17). On October 9, 2024, Summons on Defendant Jackson was docketed as executed. (Doc. No. 18).

  It was later determined that Defendant Jackson had not been served. The process receipt and return reflects a checkmark in the box next to the following text: "I hereby certify that I am unable to locate the individual, company, corporation, etc. named above (see remarks below)."

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

(Id. at 1).  The process receipt and return also indicates a date and time of service—October 9, 2024, at 8:00 a.m.—and the United States Marshals Service deviated from the normal practice of explaining failed service attempts in the "remarks" section of the form.  (See Id.).  The usual practice of the U.S. Marshals Service had been to attempt service multiple times and if those attempts were not successful, to explain so in the "remarks" section of the form.  Because no failed service attempts were noted and the process return and receipt contained a date of service, Summons was initially considered executed and docketed as executed.  But Defendant Jackson had not been served.

Unaware of the lack of service, on November 26, 2024, the Court directed the Clerk of the Court to forward to Defendant Jackson an order directing her to explain why default should not be entered against her.  (Doc. No. 20).  The Order was sent by mail and was not returned to sender.  Defendant Jackson did not respond to the Court's November 26, 2024, Order.  Defendant Jackson did, though, send to the Court a letter dated July 24, 2025.  The letter was filed as correspondence in this case.

After the Court recommended that co-Defendant Jones's Motion for Summary Judgment on the issue of exhaustion be granted (Doc. No. 38), on August 8, 2025, the Court again ordered Defendant Jackson to show cause why default should not be entered against her (Doc. No. 40).  This time, to have a record that Defendant Jackson received the Order, the Court directed the United States Marshals Service to personally serve Defendant Jackson with the Order and a copy of Plaintiff's Amended Complaint.  (Id.).  The process receipt and return again reflects a checkmark in the box next to the following text: "I hereby certify that I am unable to locate the individual, company, corporation, etc. named above (see remarks below)."  (Doc. No. 41).  But

the only remark below is "Address Under Seal." (Id.). The process receipt and return also reflects that service had been made on August 18, 2025, at 5:00 p.m. (Id.).

Plaintiff did not respond to the Court's August 8, 2025, Order.

On September 9, 2025, the Court directed the Clerk of the Court to enter default against Defendant Jackson. (Doc. No. 46). The Court once again directed the United States Marshals Service to personally serve the Order. (Id.).

The Court and Clerk of the Court became aware of the error regarding service on Defendant Jackson only in mid-September, 2025. Upon learning of the error, the Clerk of the Court corrected the docket sheet to show that Defendant Jackson was not served on October 9, 2024, or August 18, 2025. (Doc. Nos. 18, 41). The United States Marshals Service provided a Supplemental Return of Service regarding the Court's August 8, 2025, show cause Order. (Doc. No. 48). The Supplemental Return does not reflect a date or time of service and includes the additional remark: "Attempted to serve multiple times. She does not live at address." (Id.). The document is dated September 15, 2025. (Id.).

The Court's September 9, 2025, Order was returned unexecuted. The process receipt and return does not contain a checkmark near the language "I hereby certify that I am unable to locate the individual, company, corporation, etc. named above (see remarks below)" or a date of service, but does include the remarks: "Return unexecuted. DUSM Castle has attempted to serve her multiple times at this address. She does not live there. Return unexecuted. 9-15-25."[2] (Doc. No. 49).

---

[2] It is the Court's understanding that the United States Marshal now uses a revised process receipt and return form that replaced the language "Date of Service" with "Date."

The Court cannot explain what prompted Defendant Jackson's July 24, 2025, letter. But the United States Marshals Service maintains Defendant Jackson was never served and has not lived at the address provided to the Court under seal even at the first attempt at personal service on Defendant Jackson. Because Defendant Jackson has not been served, the Court directs the Clerk of the Court to set aside the default entered against her (Doc. No. 47). It is clear that the Court cannot serve Defendant Jackson at her last known address.

**The Court directs Plaintiff to provide a valid service address for Defendant Jackson.** See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam); see also FED. R. CIV. P. 4(m) (any defendant not served within 90 days after the filing of the Complaint is subject to dismissal without prejudice). **Plaintiff is directed to provide the Court an address for service for Defendant Jackson within 30 days of the date of this Order. If Plaintiff does not do so, and if Defendant Jackson is not served, the Court will recommend Plaintiff's claims against Defendant Jackson be dismissed without prejudice.** LOCAL RULE 5.5(c)(2); FED. R. CIV. P. 4(m).

IT IS SO ORDERED this 10th day of October, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE